Honorable J. Sturgis Miller State Representative Route 2 4410 Town and Country Lane Pine Bluff, Arkansas 71603
Dear Representative Miller:
This is in response to your request for an opinion regarding Ark. Stat. Ann. 19-1828, as amended (Act 811 of 1987). You have asked the following specific question in this regard:
 Whether a former policeman qualifies for the pension and relief fund under Ark. Stat. Ann. 19-1828, as amended by Act 811 of 1987, under the following facts:
 1. The former policeman resigned on February 1, 1986; the former policeman withdrew all contributions to the policeman's pension fund on February 15, 1986.
 2. The former policeman resigned with eighteen years of service with the Pine Bluff Police Department.
 3. The former policeman has six and one-half years active military duty and five years of National Guard duty.
 4. The former policeman has agreed to contribute a sum of money required under Section 1 (a)(3). Further, the former policeman has agreed to contribute an amount of money equal to the money he withdrew from the fund plus appropriate interest.
It is my opinion that the former policeman in the above situation does not qualify for benefits under the Policemen's Pension and Relief Fund. This conclusion is based upon an interpretation of the statutes involved since there are no cases offering guidance on the question presented.
Ark. Stat. Ann. 19-1828, as amended by Act 811 of 1987, permits the purchase of credited service for military service by "(a)ny person who is now or was in the past a member of the Policemen's Pension and Relief Fund . . . and who is not receiving benefits under such system on June 17, 1981. . . ." See Section 1 of Act 811, amending Section 1(a) of Act 514 of 1981 (Ark. Stat. Ann. 19-1828 (Cum. Supp. 1985)). Other specific prerequisites are set forth in subparagraphs (1) through (4) of Section 1(a).
While the former policeman in this instance may at first glance appear to qualify as a person who "was in the past a member of the Policemen's Pension and Relief Fund," further review of the statute belies this contention. 19-1828, as originally enacted and as amended by Act 811, makes no provision for contributing back into the Policemen's Pension and Relief Fund ("Fund") those withdrawn contributions in order to restore forfeited credited service. Nor is there separate authority for this proposed action. Ark. Stat. Ann. 19-1802 (Cum. Supp. 1985) does provide for the restoration of forfeited credited service upon a former policeman's return to the same police department. The "former member . . . shall again become a member of the system, and the credited service forfeited by him shall be restored to his credit provided he returns to the fund the amount refunded to him plus interest from the date of withdrawal to the date of repayment." This provision clearly applies, however, only "(i)n the event a former member again becomes an employee of the same police department where previously employed." See 19-1802. The facts set forth with respect to this former policeman do not indicate that he will resume employment with the department.
A question does arise with respect to the statute's applicability to "(a)ny person who . . . was in the past a member of the Policemen's Pension and Relief Fund." This language appears in the statute as originally enacted under Act 514 of 1981. Act 514 required participation in the Fund "for at least twenty (20) years" as a qualification for purchasing the two (2) years of credited service. A person who "was in the past a member of the . . . Fund" would, logically, be one who retired following the enactment of Act 514. This person would qualify for the purchase of credited service so long as he or she did not receive benefits under the Fund on the effective date of Act 514 (June 17, 1981). See 19-1828 (Cum. Supp. 1985). The Act cannot reasonably be construed to extend to persons who were past members of the Fund by virtue of their resignation or discharge from the department since no provision is made for the return of withdrawn contributions except upon reemployment.
This conclusion is also compelled by the fact that a court will avoid unjust, absurd, or unreasonable consequences in its interpretation of statutes. See, generally, 82 C.J.S. Statutes, 316. The United States Court of Appeals for the Eighth Circuit has stated the following in this regard:
 Although the plain language of a statute is often controlling, it is impermissible to follow a literal reading that engenders absurd consequences where there is an alternative interpretation that reasonably effects the statute's purpose (citation omitted). Absurd consequences and a reasonable alternative are present here.
Ashley Drew Northern Ry. v. United Trans. U., 625 F.2d at 1365
(8th Cir. 1980).
The foregoing rule of construction would appear to apply in this instance. While the plain language of 19-1828, as amended by Act 811 of 1987, may support the contention that this former policeman qualifies as a past member of the Fund for purposes of purchasing the credited service, it does not necessarily follow that he can obtain benefits under the Fund since there is no authority for his renewed membership in the system. On the other hand, 19-1828 may reasonably be construed to apply to current members of the Fund and to persons who are past members by virtue of their retirement, so long as they did not receive benefits on June 17, 1981.
Following the amendment of 19-1828 by Act 811 of 1987, persons participating in the Fund for eighteen 918) years may be eligible to purchase the credited service. However, they cannot receive benefits "until the date on which he or she has twenty years of actual service under the system or would have had twenty years of actual service under the system if such member had continued his or her employment." See Section 1 of Act 811 (Section 1(a)(4) of 19-1828).
Again, however, the term "member" cannot be construed to include those who terminate employment and withdraw their contributions to the Fund. Rather, this term encompasses those who terminate their employment prior to their twentieth (20) anniversary, but continue as members of the Fund. The Act obviously envisions the simultaneous termination of employment and purchase of credited service. The introduction to Section 1(c) of 19-1828, which addresses the insurance premium tax (see section 1 of Act 811), states: "When a member purchases credited service as authorized in this Section and terminates employment before his or her twentieth anniversary as a member of the system. . . ." Past members will be those who are retired, but who received no benefits on June 17, 1981.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.